REQUESTED BY: Senator Jon Bruning Nebraska State Legislature
You have requested our opinion "about possible legislation that would change election laws in Sanitary Improvement Districts." You state that you are "considering a possible bill to be introduced that would limit the number of SID board members to one per household." You then ask us to advise you "as to the constitutionality of this proposal."
You did not include any proposed legislation with your opinion request letter; nor did you set out any specific constitutional concerns regarding your proposal to limit the number of SID board members to one per household. Consequently, your opinion request involves a general question regarding unspecified statutory language and procedures. We have previously indicated that a general question on the constitutionality of proposed legislation will necessarily result in a general response from this office. Op. Att'y Gen. # 94012 (March 8, 1994). As a result, our response to your opinion request must be in general terms, absent some specific proposed legislation and absent some articulation of specific constitutional questions.
It seems to us that there are two areas which present potential constitutional problems with respect to your proposal. First of all, if your prohibition on SID board membership in the same household is established by a restriction on running for a SID board, then there is a potential barrier to ballot access for SID candidates. Such a barrier, in turn, raises concerns under the First Amendment to the United States Constitution.
Restrictions on ballot access potentially burden two distinct and fundamental rights: the right of individuals to associate for the advancement of political beliefs and the right of qualified voters to cast their votes effectively. IllinoisState Board of Elections v. Socialist Workers Party, 440 U.S. 173
(1979). However, even though ballot access restrictions involve fundamental rights, not all restrictions imposed by states on candidates' eligibility for the ballot impose constitutionally suspect burdens, since there must be substantial regulation of elections if they are to be fair and honest. Anderson v.Celebrezze, 460 U.S. 780 (1983). Therefore, a flexible standard applies to ballot access and voting restrictions:
 A court considering a challenge to a state election law must weigh "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments the plaintiff seeks to vindicate" against "the precise interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration "the extent to which those interests make it necessary to burden the plaintiff's rights."
Burdick v. Takushi, 504 U.S. 428, 434 (1992) (citations omitted).
In the present case, we assume that one possible formulation of your proposed legislation would involve a prohibition against running for a SID board seat if another member of the candidate's household already serves on the SID board. While such a prohibition would probably not involve a large number of candidates, it seems to us that it would impose a fairly severe restriction upon the rights of those potential SID candidates subject to its provisions. As a result, the State would need to offer some fairly significant interests as justifications for the burden imposed by the statute. Since we do not have a proposed statute or any legislative policy statements before us, we cannot say what interests the State would serve by such a restriction upon candidacy for a SID board. We do suggest, however, that if you propose such legislation, you should take pains to create a legislative record which clearly illustrates the reasons for and the State interests furthered by the restriction on ballot access.
It also seems to us that one way to avoid the potentialFirst Amendment problems inherent in a restriction upon SID ballot access for multiple members of the same household would be to formulate your restriction as an eligibility requirement for assuming office on a SID board. Under such a formulation of your proposal, individuals could run for membership on a SID board without any restrictions pertaining to other household members, but would only be eligible to take office on that board if no one else from their household served on the board at the time they were to take office. Under those circumstances, the restriction upon board service from the same household would be an eligibility requirement rather than a restriction upon ballot access.
The second area where it seems to us that there are potential constitutional problems with your proposal involves the Equal Protection provisions of the state and federal constitutions. Those constitutional provisions prohibit improper disparate treatment or improper classifications of people who are otherwise similarly situated. With regard to your proposal, the classification at issue would presumably involve candidates for a SID board who have members of their household serving on the board as distinguished from all other SID candidates.
Where a statute is challenged under the Equal Protection provisions of the state and federal constitutions, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Robotham v.State, 241 Neb. 379, 385, 488 N.W.2d 533, 539 (1992). There are two exceptions to this rule involving "suspect classifications" based upon race, age, national origin, etc., and classifications pertaining to fundamental rights. Clements v. Fashing,457 U.S. 957 (1982); Robotham v. State, supra. To sustain the constitutional validity of classifications in those latter areas, there must be a showing of a compelling state interest. Robothamv. State, supra.
It appears to us that your proposed classification between SID candidates with members of their household on a SID board and all other SID candidates does not involve a "suspect class." In addition, candidacy for office is not a fundamental right.Clements v. Fashing, supra. Therefore, we believe that the constitutionality of your proposal would be tested by determining whether the statute setting out your restriction upon SID membership is rationally related to a legitimate state interest. In that regard, as we noted above, you have not provided us with a proposed statute or any legislative policy statements from which we can determine what interests the State would serve by a restriction upon candidacy for a SID board under the circumstances you have proposed. However, we assume that there are legitimate state interests underlying your consideration of this legislation, and once again, we suggest that you should make a concerted effort to create a legislative record which clearly illustrates the legitimate State interests furthered by your proposal.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
APPROVED BY:
Don Stenberg 
Attorney General